UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES M. WINEMILLER, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-580-JD-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

James M. Winemiller, II, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISR 17-02-66) where a Disciplinary Hearing Officer (DHO) found him guilty of attempting to traffick in violation of Indiana Department of Correction (IDOC) Policies A-111 and A-113 on May 5, 2017. ECF 1 at 1, ECF 8-9 at 1. As a result, he was sanctioned with the loss of 180 days earned credit time. *Id.* The Warden has filed the administrative record. Winemiller has not filed a traverse and the time to do so has passed. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Winemiller argues there are three grounds which entitle him to habeas corpus relief.

As a threshold matter, the DHO had sufficient evidence to find Winemiller guilty of attempting to traffick. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

In this case, Winemiller was found guilty of violating IDOC offenses A-111 and A-113 for attempting to traffick. IDOC offense A-111 prohibits inmates from "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. IDOC offense A-113 prohibits inmates from "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.*

The Conduct Report charged Winemiller as follows:

> On February 9, 2017 at approximately 2:00 P.M. I, Mr. W. C. Peterson Investigator III/Correctional Police Officer opened a large envelope stamped "Law Library Legal Mail Only." The envelope was prepared by Offender Winemiller, James M. II 200037 who gave the envelope to Caseworker B. Edwards along with a Remittance Slip to pay for the postage to send the envelope to a person identified as Drew Kopatich with a mailing address of 1728 High Street Fort Wayne, Indiana 46808. The envelope was given to Mrs. A. Potter Mail Room Supervisor who referred the envelope to the Investigations and Intelligence Department for inspection because she believed based on her training and experience the envelope was being used as a concealment apparatus to smuggle contraband into the Pendleton Correctional Facility through the use of the United States Postal Service Mail Delivery System. Upon opening the envelope in the presence of Offender Winemiller the contents of the envelope were removed and upon inspection of the envelope's contents two (2) compartments were discovered along with a sheet of regular size typing paper with a return address for Kirchoff & Jewel Law Offices with a mailing address of 517 Broadway P.O. Box 944 Vincennes, IN 47591. Also written on the paper was the mailing address of Offender Winemiller which was written as follows James Winemiller DOC#200037 location 9-4E–JCH Indiana DOC Pendleton Correctional Facility 4490 West Reformatory RD. Pendleton, Indiana 46064.

ECF 8-1 at 1.

The conduct report listed Mail Room Supervisor A. Potter and Caseworker B. Edwards as witnesses. On February 14, 2017, Supervisor Potter wrote the following statement:

> On 2-9-17 a suspicious legal was left on my desk by caseworker Brooke Edwards. It was from offender James Winemiller 200037 (9-4E) addressed to Attorney Drew Kopatich 1728 High St. Fort Wayne. Upon examining the package I thought it might have a compartment hidden inside so I xrayed [sic] it and found evidence of a possible compartment. Also, I could find no attorney listed by that name with that mailing address. I then confiscated and referred it to Internal Affairs.

ECF 8-3 at 1. And, on February 10, 2017, Caseworker Edwards wrote:

> When Offender Winemiller brought the package to me it was presealed and it felt abnormal. I gave the package to Potter in the mail room and advised her that I thought the package seemed different. She notified Peterson who discovered the package had a secret compartment.

ECF 8-4 at 1.

When Winemiller was rescreened for his rehearing, he requested testimonial evidence from a number of witnesses as well as documentary evidence. ECF 8-5 at 1. As for witnesses, he requested testimony from:

- Lieutenant Rutan for the purpose of determining why Winemiller had been secured in his cell without proper written documentation and why he had been removed from a prison program before he was found guilty of any rule violation;

- Officer Christian and Officer Cochran for the purpose of determining whether they followed orders from Lieutenant Rutan and Caseworker Edwards to keep Winemiller in restrictive housing due to his attempted trafficking on February 9, 2017; and,

- Sergeant Wiley for the purpose of determining whether Lieutenant Rutan told Sergeant Wiley to keep Winemiller on restrictive status on

4

> February 10, 2017, without the proper paperwork and to explain why
> Sergeant Wiley took Winemiller off of restrictive status without the
> proper paperwork.

*Id*. Winemiller also requested several pieces of documentary evidence including: (1) the red tag log/unit log book showing his restrictive status; (2) the confiscation form on the legal envelope that was confiscated; (3) a copy of the evidence card photo with the legal envelope in the same photo; and (4) a copy of the legal envelope photo. *Id*.

In assessing the evidence, the DHO had sufficient evidence to find Winemiller guilty of violating offenses A-111 and A-113. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The reporting officer detailed his first-hand knowledge of Winemiller's attempt to traffick contraband after discovering two hidden compartments inside a large envelope prepared by Winemiller, which he had marked as "Law Library Legal Mail Only" and addressed to Drew Kopatich. ECF 8-1 at 1. After removing the contents of the envelope and discovering the two compartments, the reporting officer found a sheet of paper with Winemiller's mailing address written on it along with the return mailing address for Kirchoff & Jewel Law Offices. *Id*. In light of the reporting officer's discovery of the two hidden compartments and sheet of paper listing Winemiller's and the law office's addresses in the envelope, there was more than "some evidence" for the DHO to conclude that Winemiller attempted to use the envelope as a concealment apparatus to smuggle contraband into the prison in violation of offenses A-111 and A-113.

Therefore, the DHO's finding that Winemiller was guilty was neither arbitrary nor unreasonable in light of the facts contained in the conduct report.

Nevertheless, Winemiller argues there are three grounds which entitle him to habeas corpus relief. In Ground One, Winemiller argues his due process rights were violated because his requests for witnesses and documentary evidence were denied. ECF 1 at 2. A prisoner has a right to call witnesses and present documentary evidence in a prison disciplinary proceeding. *Wolff*, 418 U.S. at 566. However, prison officials have discretion to "keep the hearing within reasonable limits." *Id*. Thus, a hearing officer may deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 678 (7th Cir. 2003). The DHO denied Winemiller's request for witnesses and his request for the red tag/unit log book because they were irrelevant to the issue of Winemiller's attempted trafficking charge. ECF 8-5 at 1. Rather, this testimonial and documentary evidence pertained to the issue of whether Winemiller had been placed on restrictive housing status in violation of prison policy. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("state-law violations provide no basis for federal habeas relief"). Furthermore, contrary to Winemiller's assertion, his requests for photographic evidence of the envelope and the evidence card were, in fact, honored by the DHO. ECF 8-2 at 1-4. Here, the DHO reviewed staff reports, the statement of the offender, evidence from witnesses, photos of the legal envelope, and the evidence card in reaching his decision that Winemiller was guilty. *McPherson*, 188 F.3d at, 786 (courts are not required to conduct an examination

of the entire record, independently assess witness credibility, or weigh the evidence).
Because the DHO considered all of the relevant evidence in the record, Winemiller's
due process rights to present evidence were not violated.

Furthermore, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Piggie,* 342 F.3d at 666. Here, Winemiller has not identify anything from his witnesses or the red tag/unit log book that would prove to be exculpatory or that might have aided his defense as it pertains to his attempted trafficking charge. Thus, even if the hearing officer improperly excluded this evidence, it would have been a harmless error. Therefore, Winemiller is not entitled to habeas corpus relief on Ground One.

In Ground Two, Winemiller argues that his due process rights were violated because his rehearing was not held in a timely manner. ECF 1 at 2. Here, Winemiller states that IDOC policy required that his rehearing be conducted within seven working days of when his case was remanded. *Id*. He points out that his case was remanded on April 24, 2017; thus, his rehearing should have occurred by May 2, 2017. *Id*. However, the rehearing took place on May 5, 2017, as it was postponed due to a shortage of staff. ECF 8-8 at 1, ECF 8-9 at 1. The postponement of Winemiller's disciplinary hearing did not affect any of his procedural due process rights. Here, Winemiller was entitled to notice of the factual allegations of the charge at least 24 hours before the hearing. *Wolff*, 418 U.S. at 564. This right was satisfied when he was notified of the charge on April 29,

2017, (ECF 8-5 at 1), and his rehearing occurred on May 5, 2017. ECF 8-9 at 1. To the extent Winemiller claims the postponement violated IDOC policy, that policy is irrelevant as it was created under the authority of state law. As indicated *supra*, violations of state law do not entitle prisoners to habeas corpus relief. *Estelle*, 502 U.S. at 67-68. Therefore, Ground Two is not a basis for habeas corpus relief.

In Ground Three, Winemiller argues that his due process rights were violated because he was not given a lay advocate for his rehearing. ECF 1 at 3. However, a lay advocate is only required when the inmate is illiterate or the issues in a case are complex. *Wolff*, 418 U.S. at 570; see also *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). As reflected in his petition and the attached documents, Winemiller is not illiterate. Neither was this a complex case. Here, Winemiller clearly understands the facts of what happened and is capable of explaining why he does not believe he should have been found guilty of attempted trafficking. Therefore, Ground Three does not state a basis for habeas corpus relief.

If Winemiller wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, James M. Winemiller, II's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on June 22, 2018

                          /s/ JON E. DEGUILIO
                          JUDGE
                          UNITED STATES DISTRICT COURT